UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BOZE MEMORIAL, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:12-cv-4363-M |
| | § | |
| THE TRAVELERS LLOYDS INSURANCE | § | |
| COMPANY and MARY WILKERSON, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Notice of Removal [Docket Entry #1], filed by The Travelers Lloyds Insurance Company ("Travelers"), and the Joint Status Report [Docket Entry #6]. For the reasons set forth below, the case is **REMANDED** to the 40th Judicial District Court of Ellis County, Texas.

I. Background

This case arises from a dispute between a funeral home, Boze Memorial, Inc. ("Boze"), and its insurance company, Travelers. In 2009, the parties entered into an insurance agreement (the "Policy") which covers two separate properties: one located in Italy, Texas (the "Italy property") and another located in Red Oak, Texas (the "Red Oak property").

The Policy includes an appraisal section governing the procedure for determining the damage incurred to covered property in the event the parties cannot agree. That appraisal procedure calls for each party to select an appraiser, and for the appraisers to select an umpire. Should the appraisers be unable to agree on an umpire, either party may request that the court appoint one.

Sometime in 2010,[1] wind and hail damaged the Italy property.  Boze submitted a claim, but the parties disagreed as to the amount of covered loss.  On July 20, 2011, Boze filed the underlying state court action, arguing that Travelers had failed to appoint an appraiser, and invoked its right to seek a court-appointed appraisal umpire.  The state court appointed an appraisal umpire and ordered an appraisal on July 25, 2011.  The appraisal concluded on August 18, 2011, and Travelers claims it paid the appraised amount on August 24, 2011.

On September 26, 2011, Boze filed a Second Emergency Motion to Appoint Appraiser and Appraisal Umpire.  This time, Boze moved the court to appoint an appraisal umpire to preside over a dispute concerning damage to the Red Oak property.  Travelers argued that the motion concerning the Red Oak property was inappropriately asserted in the action which concerned the Italy property.  Boze argued that the claims involved the same parties and policy and should be included in the same action.  The court agreed with Boze, appointed an appraisal umpire, and, on January 4, 2012, ordered an appraisal.  The Red Oak appraisal concluded on March 30, 2012, and Travelers allegedly paid the appraised amount shortly thereafter.

On February 10, 2012, Boze sued Travelers in federal court, asserting claims for breach of contract and bad faith relating to underpayment of the Red Oak claim.  That suit, No.12-cv-669-P, remains pending before Judge Jorge A. Solis.

On October 4, 2012, Boze filed a Supplemental Motion to Appoint an Appraisal Umpire and for Other Relief in the state court action.  In that Motion, Boze asserted "monetary causes of action" against Travelers relating to the Italy property claim, including breach of common law duty of good faith and fair dealing, and violations of the Texas Deceptive Trade Practices Act ("DTPA").  Boze also asserted a DTPA claim against a new defendant, one of Travelers's

---

[1] In its Supplemental Motion to Appoint an Appraisal Umpire, Boze stated that the damage occurred on August 18, 2010, or on April 23, 2010.  Pl.'s Mot. 4.  It is not clear which is the correct date.

insurance adjusters, Mary Wilkerson ("Wilkerson"). Travelers is an unincorporated association and, like all of its underwriters, it is a citizen of Connecticut. Boze and Wilkerson are citizens of Texas.

Travelers removed the case on October 30, 2012, over fifteen months after Boze originally filed suit. Under 28 U.S.C. § 1446, a diversity case cannot normally be removed more than a year after it was initiated. However, Travelers claims that the timing of Boze's prosecution of this action evidences a bad-faith intent to avoid removal which triggers an exception to the one-year rule. Travelers also argues that Wilkerson was fraudulently joined to destroy diversity. Further, in the parties' status report, they have suggested that this case be consolidated with the case before Judge Solis. This suggestion comes with one caveat, however: Travelers does not want to consolidate the cases if Wilkerson remains a Defendant. No non-diverse defendant was named in Judge Solis's case (which concerns only the Red Oak property), and Travelers does not want to risk creating a scenario in which both cases are jointly remanded. The deadline for Boze to file a motion for remand has passed.

## II. Legal Standard

A defendant has the right to remove a case to federal court when federal jurisdiction exists, and the removal procedure is properly followed. 28 U.S.C. § 1441. If federal jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332, an action "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). A case may be removed despite the presence of a non-diverse defendant, however, if the removing defendant shows that the non-diverse defendant was improperly joined. *Salazar v. Allstate Texas Lloyd's, Inc.*, 455 F.3d 571, 574 (5th Cir. 2006).

To establish that a non-diverse defendant has been improperly joined for the purpose of defeating diversity jurisdiction, the removing party must prove either that: (1) there has been actual fraud in the pleading of jurisdictional facts or (2) that there is no reasonable possibility that the plaintiff will be able to establish a cause of action against the non-diverse defendant in state court. *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). "The burden of persuasion on those who claim . . . [improper] joinder is a heavy one." *Travis v. Irby,* 326 F.3d 644, 649 (5th Cir. 2003).

To make such a finding, "the court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id*. The court may also conduct a summary judgment-like inquiry "to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id.* at 573–74. All factual allegations are considered in the light most favorable to the plaintiff, and contested fact issues are resolved in the plaintiff's favor. *Guillory v. PPG Industries, Inc.*, 434 F.3d 203, 308 (5th Cir. 2005); *Manguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002); *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999).

Where, as here, the court's inquiry focuses on plaintiff's ability to establish a cause of action against a non-diverse defendant, the court must also determine whether to apply federal or state pleading standards. The Fifth Circuit has not provided definitive guidance on this issue, nor have the courts in this district taken a uniform approach. *See Yeldell v. GeoVera Specialty Ins. Co.*, No. 3:12-CV-1908-M, 2012 WL 5451822, at *4–5 (N.D. Tex. Nov. 8, 2012) (Lynn, J.) (comparing cases from the Northern District of Texas). However, this Court has recently

determined that the better-reasoned approach is to apply the state court pleading standard. *See id.*

Texas applies a "fair notice" pleading standard, which looks to "whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant." *SFTF Holdings, LLC v. Bank of Am.*, No. 3:10-CV-0509-G, 2011 WL 1103023 (N.D. Tex. Mar. 22, 2011) (Fish, J.) (quoting *Horizon/CMS Healthcare Corporation v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000)). A pleading can contain legal conclusions as long as fair notice to the opponent is given by the allegations as a whole. Tex. R. Civ. P. 45(b). The state court liberally construes a plaintiff's petition in the plaintiff's favor. *Starcrest Trust v. Berry*, 926 S.W.2d 343, 349 (Tex. App.—Austin 1996, no writ). Moreover, the court will look to the plaintiff's intent and uphold a petition, even if the plaintiff has not specifically alleged some element of a cause of action, by supplying every fact that can reasonably be inferred from what the plaintiff specifically stated. *Torch Operating Co. v. Bartell*, 865 S.W.2d 552, 554 (Tex. App.—Corpus Christi 1993, writ denied).

### III. Analysis and Conclusion

This case presents two threshold questions relevant to jurisdiction. First, was the removal fatally untimely? If not, was Wilkerson improperly joined, thus establishing diversity jurisdiction?

A. Timeliness of removal

Generally, defendants have only thirty days after being served with the complaint, or some other paper that forms the basis of removal, to effectuate proper removal. 28 U.S.C. § 1446(b)(2)(B), (b)(3). Further, with only a limited exception, the removal statute prohibits defendants from removing a case on the grounds of diversity jurisdiction more than one year
Page **5** of **9**

after the case was initiated, regardless of when the removing defendant receives notice that the case is removable. Until recently, the limited exception was found not in the statute itself, but in Fifth Circuit case law.[2] *See Tedford v. The Warner–Lambert Co.*, 327 F.3d 423, 428–29 (5th Cir. 2003). In *Tedford*, the Fifth Circuit held that "[w]here a plaintiff has attempted to manipulate the statutory rules for determining federal removal jurisdiction, thereby preventing the defendant from exercising its rights, equity may require that the one-year limit in § 1446(b) be extended." *Id.*

Here, however, the Court need not determine whether Boze's actions trigger the exception to the one-year limit. Section 1447 provides that a "motion to remand the case on the basis of any defect other than the lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c). Untimely removal is a procedural, not a jurisdictional defect, and failure to object to the defect within thirty days of removal effectuates a waiver. *Federal Deposit Ins. Corp. v. Loyd*, 955 F.2d 316 (5th Cir. 1992) (district courts lack authority to remand based on a procedural defect to removal, such as timing, if no party raises an objection within the statutorily-circumscribed thirty-day window); *Tedford*, 327 F.3d at 426 (time limitation for an action to be removed is not jurisdictional and can be

---

[2] Travelers bases its timeliness argument on the most recent amendment to the federal removal statute. However, that amendment, codified by the Federal Courts Jurisdiction and Venue Clarification Act of 2011, applies only to actions commenced on or after the effective date, January 6, 2012. Public Law 112-63, § 103, December 7, 2011, 125 Stat 758. It further states that "an action or prosecution commenced in State court and removed to Federal court shall be deemed to commence on the date the action or prosecution was commenced, within the meaning of State law, in State court." Public Law 112-63, § 105. *See Jones v. Shaner SPE Associates, LP*, No. 12-CV-0381, 2012 WL 1609884 (W.D. La. May 7, 2012) (engaging in a similar analysis). Texas Rule of Civil Procedure 22 provides that a civil suit commences once the petition is filed in the office of the clerk. Tex. R. Civ. P. 22. Boze filed its original petition on July 20, 2011, well before January 6, 2012, the effective date for the amended removal statute. Accordingly, the pre-amendment *Tedford* doctrine, rather than the newly-codified exception, governs the propriety of this removal.

waived). In this case, Boze did not move to remand, and therefore waived any objections based on the timing of the removal.

B. Propriety of Joining Non-Diverse Defendant Wilkerson

Where a federal court's jurisdiction is based on diversity, complete diversity between the plaintiff and all the defendants is a requirement which cannot be waived. Thus, the Court has jurisdiction over this action only if Boze improperly joined Wilkerson. To determine that, the Court must analyze whether Boze failed to sufficiently plead a cause of action against Wilkerson under the Texas fair notice pleading standard. In its state court pleading, Boze alleged that Travelers and Wilkerson engaged in "bad faith insurance practices with respect to the Italy Property claim" by (1) underpaying the claim, (2) engaging in unfair settlement practices, and (3) hiring a biased appraiser.

Travelers argues that the underpayment allegations fail because "Wilkerson simply was not involved in the decision regarding what amount to pay on the Italy Claim appraisal award. . . [because] [t]he Italy Claim was transferred from the adjuster Mary Wilkerson supervised prior to the payment of the Italy Claim Appraisal award." Notice of Removal ¶ 24. In support of this argument, Travelers attaches an affidavit of a Travelers employee who states that the Italy Property claim was assigned to an adjuster, Adam Tate, whom Wilkerson managed and directly supervised, but that "Wilkerson had no involvement or input into the decision regarding *what amounts to pay on the appraisal award signed August 2011*." Notice of Removal Ex. B at 1–2 (emphasis added). Travelers has not provided any authority for the proposition that a manager cannot be held liable under the Texas Insurance Code or DTPA for the actions of an employee she directly manages. But even if that were the case, and the Court were to resolve the

underpayment allegations in Travelers's favor, Travelers did not address Boze's unfair settlement allegations.

Travelers also argues that the biased appraisal allegations fail as a matter of Texas law because "the showing of a pre-existing relationship" between the appraiser and the insurance company, "without more, does not support a finding of bias." *Franco v. Slavonic Mut. Fire Ins. Ass'n*, 154 S.W.3d 777, 786 (Tex. App.—Houston [14th Dist.] 2004, no pet.). In *Franco*, the only case cited by Travelers for this proposition, a Texas appellate court recognized that an appraisal award can be set aside if made by someone without authority or as the result of fraud. *Id.* The court ultimately rejected the appellants' claim of bias, but it did so in the context of a summary judgment motion. This Court's job is not to determine the sufficiency of the evidence, but simply to determine whether the allegations put Defendants on fair notice of claims that have potential validity under Texas law. Boze alleges that the appraiser was "non-impartial," and "prone to simply automatically approve the conclusions of the engineer." These allegations appear to be based largely on the "pre-existing relationship" theory, which, under *Franco*, do not, "without more," sustain a claim. *See id.* However, the *Franco* court acknowledged that evidence that the insurance company exerted control over the appraiser, that the appraiser had a financial interest in the claim, or that the appraiser's previous inspection somehow factored into his damages evaluation *could* support a claim. *Id.* at 787. Travelers has not shown there is no reasonable basis to believe that Boze could prevail on this claim, and the allegations meet Texas's liberal pleading standard.

Boze did not rebut Travelers's affidavit that Wilkerson was not involved in deciding what amount was to be paid by Travelers in the August 2011 appraisal award, so the underpayment claims cannot constitute a basis for joinder of Wilkerson. However, the evidence before the

Page **8** of **9**

Court does not foreclose Wilkerson's role in the unfair settlement claim or the biased appraiser claim. Thus, Travelers has failed to carry its heavy burden in establishing improper joinder. Accordingly, complete diversity is lacking, and the Court lacks subject-matter jurisdiction; therefore the Court **REMANDS** the case to the 40th Judicial District Court of Ellis County, Texas.

    **SO ORDERED**.

February 28, 2013.

_____
BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS